UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:

BRADLEY A. STROM,

               Debtor.                     Case No.   16-12464-cjf

                                                               Chapter 7

**LAKEVIEW CARE PARTNERS, INC.'s RESPONSE & OBJECTION TO TRUSTEE'S FINAL REPORT AND APPLICATION FOR COMPENSATION**

      Now comes Lakeview Care Partners, Inc. ("Lakeview"), by and through its undersigned counsel, and submits its Response and Objection to Trustee's Motion to Final Report filed in the above-captioned matter and to discharge of its claim, pursuant to 11 U.S.C. §727(a)(3). For its response, Lakeview states as follows:

      1.      On July 8, 2016, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Wisconsin.

      2.      On July 18, 2016, Debtor filed Amended Schedules E/F Listing Lakeview as a creditor holding an unsecured claim in the amount of $106,632.29.

      3.      On August 23, 2016, Debtor filed his Summary of Assets and Liabilities, Schedules A-J, Statement of Financial Affairs, and Statement of Intent ("Bankruptcy Statements"). Debtor stated on Schedule B that he did not have any interest, claims, contingent and unliquidated claims, or rights to set off of any kind against any third parties.

      4.      On or about August 29, 2016, Debtor attended a Meeting of the Creditors wherein Debtor swore to the best of his knowledge that the information contained in the Bankruptcy Statements were true and correct.

      5.      On or about March 17, 2014, Debtor was granted a judgment of divorce in La Crosse County, Wisconsin, Case No. 12FA84. As a condition to the divorce, Debtor entered into a Marital

1

Settlement Agreement with his ex-spouse, Cheryl Lynn Strom n/k/a Dettmering ("Dettmering") on March 13, 2014.  Pursuant to Paragraph III of the Martial Settlement Agreement, Dettmering fully indemnified, assumed, and was assigned the entirety of the debt owed by the parties to Lakeview.  A copy of the Marital Settlement Agreement is attached hereto as **Exhibit A.**

6. On December 30, 2015 Dettmering filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Wisconsin, Case No. 15-14549, and was granted a discharge on April 29, 2016.

7. Dettmering's assumption and obligation to Debtor to hold debtor harmless for the debt owed to Lakeview was not subject to discharge pursuant to 11 U.S.C. §523(a)(15), as it was an obligation to a former spouse incurred in the course of a divorce decree.

8. Section III of the Marital Settlement Agreement created a nondischargeable obligation for Dettmering in regards to Debtor.  See *in re Calhoun*, 715 F.2d 1103 (6th Cir. 1983); *in re Burckhalter*, 389 B.R. 185 (Bankr. D. Colo. 2008); *in re Forgette*, 279 B.R. 623 (Bankr. W.D. Va. 2007).

9. Debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The obligation of Dettmering to assume and fully indemnify Debtor in regards to the debt owed to Lakeview is a contingent asset of the bankruptcy estate in which Debtor is required to disclose on Schedule A/B.

10. Debtor has a cause of action and the right to pursue a civil judgment against Dettmering for the balance owed to Lakeview.

11. The Trustee succeeds to all causes of action held by Debtor at the time the voluntary petition is filed, including causes of action which Debtor failed to disclose in his bankruptcy schedules. See *Matter of Williams*, 197 B.R. 398, 402 (Bankr. M.D. Ga. 1996).

12. Debtor concealed, withheld, or failed to disclose documentation or information regarding the contingent asset in the form of a claim and cause of action against Dettmering in regards to assumption or indemnification regarding the debt owed to Lakeview.

13. Lakeview does not object to the Final Report and Applications for Compensation *per se,* provided that these actions do not result in the closing of the bankruptcy case. Lakeview files this Response and Objection out of an abundance of caution to ensure that the bankruptcy case is not closed prematurely and that Debtor is not granted a discharge based on inaccuracies in the Bankruptcy Statements.

WHEREFORE, Lakeview Care Partners, Inc. respectfully requests that this Court strike the Trustee's Final Report and Applications for Compensation and grant the following relief:

A. An Order that the bankruptcy case remain open until the adjudication of the issues identified in this Response;

B. An Order that the Debtor's cause of action against Dettmering for indemnification and assumption of the debt owed to Lakeview should be included in the bankruptcy estate;

C. An Order directing the Trustee to pursue said cause of Action against Dettmering as Debtor's successor in interest to satisfy Lakeview's claim;

D. Any other and further relief as this Honorable Court deems appropriate.

Dated this 13th day of January, 2017.

        Respectfully submitted,
        NIEBLER, PYZYK, ROTH & CARRIG LLP
        Attorneys for Lakeview Care Partners, Inc.

By:    */s/ James P. Riebe*_____
      James P. Riebe
      State Bar No. 1063674

Attorney James P. Riebe
(State Bar No. 1063674)
Niebler, Pyzyk, Roth & Carrig LLP
P.O. Box 444
Menomonee Falls, WI 53052-0444
Phone: (262) 251-5330
Fax: (262) 251-1823
jriebe@nprclaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 13, 2017, I electronically filed the foregoing *Lakeview Care Partners, Inc.'s Response and Objection to Trustee's Final Report and Application for Payment* with the Clerk for the U.S. Bankruptcy Court, Western District of Wisconsin, and thereby served a copy of the same on all parties of record and registered to receive the same via the Court's CM/ECF system.

                                                    */s/ James P. Riebe*
                                                    James P. Riebe